## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAZAW GHAFOUR, :  
:  CIVIL ACTION NO.:
      Plaintiff, :
:
v. :
:
:
ADVANCED CONVERSION :  **JURY TRIAL DEMANDED**
TECHNOLOGY, INC. :
:  *ELECTRONICALLY FILED*
      Defendant. :

## COMPLAINT

Plaintiff, RAZAW GHAFOUR, a resident of Dauphin County, Pennsylvania, by and through her attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, ADVANCED CONVERSION TECHNOLOGY, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. The Complaint alleges illegal discrimination on the basis of Plaintiff's race, religion and national origin in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*., and 28 U.S.C. §§1331 and 1343., as well as pendent state law claims arising under the provisions of the

laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA").

2.      The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.      This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and §2202.

**THE PARTIES**

6.      Plaintiff, Razaw Ghafour ("Ms. Ghafour" or "Plaintiff"), is an adult female of Irano-Afghan Race, Iranian/Persian national origin, and Muslim religion residing at 6326 Pine Street, Harrisburg, Dauphin County, Pennsylvania 17112.

7.      Defendant, Advanced Conversion Technology, Inc. ("ACT" or "Defendant"), is a Pennsylvania business corporation providing military power

supply solutions, with a registered office, headquarters and production facility located at 2001 Fulling Mill Road, Middletown, Dauphin County, Pennsylvania, 17057.

8.     At all times relevant to this Complaint, ACT employed in excess of fifteen (15) employees, including Ms. Ghafour, making ACT an "employer" as defined under Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

9.     On or about March 4, 2020, Ms. Ghafour filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2020-04257, alleging Defendant discriminated against her on the basis of race, national origin, religion, including wrongful discharge and retaliation, along with instructions for the EEOC to dual file her discrimination claims with the Pennsylvania Human Relations Commissions (the "PHRC").

10.     Ms. Ghafour has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue from the EEOC, dated February 26, 2021.

11.     Plaintiff has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC and PHRC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

3

## STATEMENT OF FACTS

12.    Ms. Ghafour was employed by ACT for five (5) years and six (6) months as an Assembler until her termination on or about March 4, 2020.

13.    From the beginning of her employment, Ms. Ghafour was subjected to disparate treatment and a hostile work environment on the basis of her Middle Eastern race, Iraqi and Kurdish national origin and Muslim religion.

14.    Ms. Ghafour was hired as an Assembler in or around September 2014, the essential job duties of which were hand-soldering components onto circuit boards and connecting the circuit boards to their assemblies.

15.    Immediately after she began working at ACT, Ms. Ghafour's supervisor Marci James treated Ms. Ghafour differently than she treated non-Middle Eastern, Iraqi, or Muslim employees.

16.    Ms. James did not allow Ms. Ghafour to perform the duties of an Assembler, but instead placed Ms. Ghafour in a Pre-Production position – a position for which Ms. Ghafour did not apply nor accept in her employment offer from ACT.

17.    While working in Pre-Production, Ms. Ghafour observed multiple, similarly-situated white employees hired as Assemblers who began immediately working in the Assembler position without being placed in Pre-Production beforehand as was Ms. Ghafour.

4

18.     In addition to the aforementioned pattern of disparate treatment by Ms. James in regard to Ms. Ghafour's job duties, throughout Ms. Ghafour's tenure with ACT she was subject to vicious, vile harassment by her coworkers on the basis of her race, her national origin and her religion.

19.     On a continuing, persistent basis, Ms. Ghafour was called a "terrorist" by several of her ACT coworkers.

20.     This harassment heightened after Ms. Ghafour returned to work following a trip to Iraq to visit her family.  Upon her return to work, Ms. Ghafour was accused by her coworkers of "making bombs" and "blowing shit up" while she was visiting with her family.

21.     This harassment escalated to coworkers frequently telling Ms. Ghafour to "go back to Iraq[.]"

22.     At or around the same time Ms. Ghafour was told to "go back to Iraq[,]" Ms. Ghafour was attempting to read aloud to her coworkers a note written by an Inspector, which was written in sloppy cursive and made the writing difficult for Ms. Ghafour to see and decipher.  Multiple coworkers began taunting Ms. Ghafour, stating that she "did not know how to read."  These false accusations were made by the same coworkers who regularly referred to Ms. Ghafour as a "terrorist[.]"

23.     Ms. Ghafour made numerous complaints to ACT's Human Resources Manager, Becky Carpenter, about the harassment she endured at ACT based on her

race, her national origin and her religion, and eventually requested to be transferred to a different department at ACT.

24.    Ms. Carpenter informed Ms. Ghafour that she would direct the employees who were harassing Ms. Ghafour to apologize to her, but that no other disciplinary actions would be taken.  Ms. Carpenter authorized Ms. Ghafour to transfer to another department at ACT.

25.    Following this transfer to another department, the harassment continued.  In the new department, Ms. Ghafour worked under Supervisor Edward Boland.

26.    In this new department, Ms. Ghafour was primarily tasked with mixing and measuring chemicals; again, a position that was not the Assembler role for which Ms. Ghafour was hired by ACT to perform.

27.    Mr. Boland frequently chastised Ms. Ghafour and scrutinized her work at a far more detailed and aggressive manor than he did to each of Ms. Ghafour's similarly-situated white coworkers who were performing at the same level as Ms. Ghafour.

28.    Particularly, Mr. Boland would frequently criticize Ms. Ghafour for not properly mixing chemicals.

29.    Ms. Ghafour does not have experience with chemical-based work nor did she ever represent to ACT that she had experience with chemical-based work.

Additionally, she was not appropriately trained for this position, and was merely placed in this position because ACT seemingly refused to allow Ms. Ghafour to perform the job for which she was hired – an Assembler.

30.     Ms. Ghafour also reported Mr. Boland's discriminatory behavior to Ms. Carpenter and nothing was done by ACT's Human Resources in an attempt to address or end such behavior.

31.     On or around February 28, 2020, Ms. Ghafour learned that several of her similarly-situated coworkers in her department of the same job title – all of whom were non-Persian and non-Muslim – received a raise in their hourly pay rate; Ms. Ghafour did not receive this pay raise.

32.     After inquiring with Ms. Carpenter about this ongoing disparate treatment, which was now affecting Ms. Ghafour's pay, Ms. Ghafour was given the pretextual excuse by Ms. Carpenter that issues with her time and attendance were the reason she did not receive the raise.  Ms. Ghafour had not been made aware of any alleged issues with her attendance.

33.     Frustrated by Ms. Carpenter's failure to acknowledge Ms. Ghafour's ongoing complaints of harassment and unfair treatment, Ms. Ghafour met with Lou Reis, the former and since-deceased owner of ACT, to discuss the disparate treatment she received over the course of her employment at ACT as well as her alleged "issues" with mixing chemicals.  Ms. Ghafour informed Mr. Reis that this

cruel and unlawful treatment was ongoing, that it was not handled appropriately by Ms. Carpenter, and that she expressly believed it to be based on her race, her national origin and her religion.

34.    On or about March 4, 2020 – mere days after Ms. Ghafour formally complained to Mr. Reis about the workplace discrimination – Ms. Ghafour's employment at ACT was terminated over the telephone by Ms. Carpenter, who alleged that Mr. Boland discovered a mistake with a chemical mixture Ms. Ghafour conducted days prior.  This was the first time Ms. Ghafour was made aware of the alleged mistake.

35.    Based upon these facts, Ms. Ghafour believes she was discriminated against and subjected to a racially hostile work environment on the basis of her Irano-Afghan race, her Irani-Persian national origin and her Muslim religion, as well as retaliated against by being terminated for continuously reporting the aforementioned race discrimination under the pretext that she made a mistake at work.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1981
#### *Race Discrimination*

36.    All prior paragraphs are incorporated herein as if set forth fully below.

37.    At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

38.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff on the basis of her Middle Eastern race, and thereby denied her the benefits of the contractual relationship she has entered into with the Defendant.

39.    Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

### VIOLATIONS OF 42 U.S.C. § 1981
### *Retaliation*

40.     All prior paragraphs are incorporate herein as if set forth fully below.

41.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

42.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees to retaliate against Plaintiff by treating her less favorably than her Caucasian and non-Middle Eastern coworkers and terminating her employment after she made frequent complaints of discrimination on the basis of her Middle Eastern race, and thereby denying her the benefits of the contractual relationship she has entered with Defendant.

43.     Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

**VIOLATIONS OF TITLE VII**
*Race Discrimination*

44.    All prior paragraphs are incorporated herein as if set forth fully below.

45.    Plaintiff was subjected to discrimination on the basis of her Middle Eastern race in violation of Title VII, as described above.

46.    The race discrimination to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

47.    Defendant's failure to maintain a workplace free from race discrimination was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

48.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

49.    As a result of Defendant's actions, Plaintiff has had her reputation damages and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

50.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

### VIOLATIONS OF TITLE VII
### *National Origin Discrimination*

51.    All prior paragraphs are incorporated herein as if set forth fully below.

52.    Plaintiff was subjected to discrimination on the basis of her Iraqi and Kurdish national origin in violation of Title VII, as described above.

53.    The national origin discrimination to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

54.    Defendant's failure to maintain a workplace free from national origin discrimination was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

55.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

56.    As a result of Defendant's actions, Plaintiff has had her reputation damages and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public

humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

57.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT V

### VIOLATIONS OF TITLE VII
### *Religious Discrimination*

58.     All prior paragraphs are incorporated herein as if set forth fully below.

59.    Plaintiff was subjected to discrimination on the basis of her Muslim religion in violation of Title VII, as described above.

60.    The religious discrimination to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

61.    Defendant's failure to maintain a workplace free from religious discrimination was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

13

62.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

63.    As a result of Defendant's actions, Plaintiff has had her reputation damages and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

64.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## <u>COUNT VI</u>

### VIOLATIONS OF TITLE VII
### *Hostile Work Environment - Race*

65.    All prior paragraphs are incorporate herein as if set forth fully below.

66.    Plaintiff was subjected to harassment (a hostile work environment) on the basis of her Middle Eastern race, as set forth above.

67.    The race harassment (hostile work environment) to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

68.    Defendant's failure to maintain a workplace free from harassment (hostile work environment) on the basis of race was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

69.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

70.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

71.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT VII

### VIOLATIONS OF TITLE VII
### *Hostile Work Environment - National Origin*

72.     All prior paragraphs are incorporate herein as if set forth fully below.

73.     Plaintiff was subjected to harassment (a hostile work environment) on the basis of her Iraqi and Kurdish national origin, as set forth above.

74.     The national origin harassment (hostile work environment) to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

75.     Defendant's failure to maintain a workplace free from harassment (hostile work environment) on the basis of national origin was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

76.     At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

77.     As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

78.     Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT VIII

### VIOLATIONS OF TITLE VII
### *Hostile Work Environment - Religion*

79.     All prior paragraphs are incorporate herein as if set forth fully below.

80.     Plaintiff was subjected to harassment (a hostile work environment) on the basis of her Muslim religion, as set forth above.

81.     The religious harassment (hostile work environment) to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

82.     Defendant's failure to maintain a workplace free from harassment (hostile work environment) on the basis of religion was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

83.     At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

17

84.     As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

85.     Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IX

### VIOLATIONS OF TITLE VII
### *Retaliation*

86.     All prior paragraphs are incorporated herein as if set forth fully below.

87.     As set forth above, subsequent to Plaintiff's frequent complaints of discrimination and harassment (hostile work environment) on the basis of her Irano-Afghan race, her Iranian/Persian national origin, and her Muslim religion, Defendant retaliated against Plaintiff by terminating her employment.

88.     As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

**WHEREFORE**, Plaintiff, Razaw Ghafour, seeks the damages against Defendant, Advanced Conversion Technology, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT X

### VIOLATIONS OF PHRA
### *Discrimination, Hostile Work Environment and Retaliation*

89.     All prior paragraphs are incorporated herein as if set forth full below.

90.     This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count X arise out of the same facts, events, and circumstances as Counts III – IX and therefore judicial economy and fairness to the parties dictate that this Count X be brought in the same Complaint.

91.     By engaging in the creation of and fostering of a hostile work environment, and by retaliating against Ms. Ghafour because of her race, national

origin and religion, ACT violated the provisions of Title 43 P.S. § 955 which prohibits harassment based on race, national origin and religion as well as retaliation in response to a good faith report of harassment.

WHEREFORE, Plaintiff, RAZAW GHAFOUR, seeks the damages set forth in the *Ad Damnum* clause of the instance Complaint, *infra*., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Razaw Ghafour, prays that this Honorable Court enters judgment in her favor and against Defendant, Advanced Conversion Technology, Inc., and that it enters an Order as follows:

a.   Defendant is to be permanently enjoined from discriminating, harassing, or retaliating against Plaintiff on the basis of her race, national origin, religion, and/or any basis prohibited under applicable federal and state law;

b.   Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing, or retaliating against employees based on their race, national origin, religion, and/or any basis prohibited under applicable federal and state law, and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

d.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.      Plaintiff is to be awarded Punitive damages as provided for under Section 1981 and Title VII;

f.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

i.      Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **<u>DEMAND FOR JURY</u>**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Dated: <u>May 3, 2021</u>                           Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*

23